IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

WILLIE LEE MOTE,

                      Petitioner,

      VS.                        NO. 1:07-CV-61 (WLS)

CARL HUMPHREY, Warden,

                                  PROCEEDING UNDER 28 U.S.C. §2254
                    Respondent.        BEFORE THE U.S. MAGISTRATE JUDGE

_____

**RECOMMENDATION**

The petitioner filed this § 2254 action challenging his convictions and sentences. Petitioner was indicted by the Mitchell County grand jury on January 3, 2000, for malice murder and possession of marijuana less than one ounce. (Resp. Ex. 5, Mitchell clerk's record pp. 16-17). At a jury trial in July 2000, Petitioner was found guilty on all counts. (Resp. Ex. 5, Mitchell clerk's record pg. 36). The trial court imposed a life sentence for malice murder and Petitioner pled guilty in a related charge to possession of a firearm by a convicted felon for which Petitioner received a five-year sentence. (Resp. Ex. 5, Mitchell clerk's record pp. 37-39).

Petitioner changed counsel for the motion for new trial hearing and had different counsel appointed for the direct appeal. The Georgia Supreme Court affirmed Petitioner's convictions on November 17, 2003. *Mote v. State*, 277 Ga. 429, 588 S.E.2d 748 (2003). Petitioner then filed a motion for reconsideration and a writ of certiorari to the United States Supreme Court which was denied in May 2004. Petitioner then filed a motion to void his convictions and sentences which the Mitchell County trial court denied. The Georgia Supreme Court dismissed his appeal as untimely on November 22, 2004. On February 11, 2005, Petitioner filed a state habeas corpus petition, challenging his Mitchell County convictions. (Resp. Ex. 1). Pursuant to an evidentiary

hearing on October 20, 2005, the state habeas corpus court denied relief on July 17, 2006. (Resp. Ex. 3). The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on January 9, 2007. (Resp. Ex. 3).

Petitioner filed the instant federal petition for *habeas corpus* relief on April 4, 2007, raising six main grounds.

Ground One asserts ineffective assistance of trial counsel by counsel's failure to:

(a) conduct an investigation;
(b) file pre-trial motions;
(c) conduct thorough cross-examination;
(d) request psychological evaluation;
(e) request 911 tape and hard copy;
(f) file pre-trial motion in limine;
(g) file motion to suppress statements made at first appearance hearing;
(h) file proper motion to suppress marijuana;
(i) conduct thorough cross-examination of pathologist;
(j) object to admission of character evidence;
(k) object to comment on defendant's failure to testify;
(l) object to admission of out-of-court statements;
(m) request proper jury charge.

In Ground Two, Petitioner alleges that appellate counsel at motion for new trial was ineffective for failing to investigate and prepare for the motion for new trial and failed to request the altered 911 emergency call hard copy.

Ground Three alleges ineffective assistance of counsel when Petitioner's second appellate counsel filed a notice of appeal instead of filing an extraordinary motion for new trial to raise ineffective assistance against previous counsel.

In Ground Four, Petitioner alleges prosecutorial misconduct when the prosecutor:

a. violated Brady;
b. elicited perjured testimony;
c. made direct comments on defendant's failure to testify;
d. failed to disclose autopsy report at least 10 days prior to trial;
e. refused to disclose altered 911 hard copy, after defendant specifically requested material;

f. admitted into evidence out-of-court statements;
g. made direct comment in closing argument on defendant's failure to testify;
h. elicited perjured testimony from all first responders and Mitchell County investigator.

Ground Five raises trial court error by alleging that the trial court:

a. violated his sixth amendment right to counsel;
b. violated his fifth, sixth and fourteenth amendment right to an evidentiary hearing;
c. gave an improper/incomplete charge in defining a crime;
d. gave an improper/incomplete charge on misfortune or accident;
e. gave an incomplete charge on murder;
f. charged the jury only on malice murder, but Petitioner was also tried for felony murder.

Ground Six asserts that the habeas court erred when it failed to grant Petitioner's petition after it agreed that trial counsel was ineffective for failing to obtain the 911 tape and hard copy.

On April 26, 2007, Petitioner filed a Supplement to the petition, in which he raised additional claims. (Doc. 9). For purposes of this habeas corpus action, the undersigned is identifying the additional grounds raised as follows. Ground Seven alleges ineffective assistance of counsel by virtue of a conspiracy between trial counsel, the District Attorney, and emergency personnel to cover up for their respective deficiencies by altering the 911 tape and altering the trial transcript. Ground Eight alleges trial court error in failing to hold an evidentiary hearing regarding ineffective assistance of first appellate counsel. Ground Nine further alleges that Petitioner filed a motion to "hold judgments of convictions and sentences mere nullity" on June 15, 2004. Petitioner states he attempted to amend his "mere nullity" motion on August 24, 2004, but then found out that the Mitchell County Superior Court had denied his motion on June 29, 2004. Petitioner adds that the fact that the court denied his motion without an evidentiary hearing violated his constitutional rights, and essentially denied him his right to appeal. Ground Ten alleges that the Supreme Court of Georgia denied Petitioner due process when it failed to grant his motions to remand.

On July 2, 2007, Petitioner filed a response in opposition to the response to the petition. (Doc. 14). In it, he additionally raises Ground Eleven, asserting error when the trial court conducted some pre-trial hearings in chambers instead of in open court, and Ground Twelve, which alleges violation of the Court Reporter Act.

*FACTS*

The facts as found by the Supreme Court of Georgia are as follows:

Early on the morning of November 26, 1999, a sheriff's deputy responded to a telephone call about a shooting. The deputy entered the home of Willie Lee Mote and Elizabeth Ann Simpson to find Simpson lying on her back on the living room floor with her pants undone and below her hips. Simpson had no pulse and her body was cold. Mote stated that he did not know that the rifle he had been cleaning was loaded and that it accidentally discharged. Mote appeared to be intoxicated and there was a strong smell of alcohol about him. Marijuana was found in the home.

Emergency medical personnel arrived shortly thereafter; at that time, the body had already begun to stiffen. Simpson died of a wound caused by a rifle bullet that entered her right upper chest, traveled through both lungs, pierced the rear side of her aorta, and exited her back. Her teeth were in very poor condition; several were absent. No spent cartridge was found where it would have been expected to be had the weapon discharged in the manner Mote claimed. There was no evidence of gun oil or a cleaning substance on the rifle. The weapon tested negative for accidental discharge and would fire only if the trigger was pulled.

During his arraignment, Mote stated that he was sitting in a chair, with a rifle between his legs, cleaning it, and that it accidentally discharged as Simpson was walking toward him. Forensic evidence showed that the fatal bullet entered Simpson's body at a point more than four feet above the floor, and that it was traveling in a downward direction.

*Mote v. State*, 277 Ga. 429, 588 S.E.2d 748 (2003).

*DISCUSSION*

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of,

4

clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) sets a highly deferential standard of review for state court factual determinations. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir.2001) (citations omitted); *see also Crawford v. Head*, 311 F.3d 1288, 1317 (11th Cir.2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by Section 2254(d)(2). *Bottoson v. Moore*, 234 F.3d 526, 540 (11th Cir.2000). Similarly, a federal court may not simply substitute its judgment for that of the state court. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002). See also *Bell v. Cone*, 535 U.S. 685, 696-697 (2002).

*Grounds 1(d) and (m), 2, 4, 5(b) and (d), and 7*

These claims were raised in Petitioner's state habeas corpus action. However, the state habeas corpus court found that these claims were procedurally defaulted under O.C.G.A. § 9-14-48(d) as Petitioner failed to timely raise these grounds at trial or on direct appeal.

O.C.G.A. § 9-14-48(d) provides as follows:

The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of

5

trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.

The Supreme Court held in *Coleman v. Thompson*, 501 U.S. 722, 750 (1991):

We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Petitioner states that ineffective assistance of counsel provides the necessary cause and prejudice to excuse his procedural default.

In *Murray v. Carrier*, 477 U.S. 478, 488 (1986), the Supreme Court defined cause to excuse a default and the "miscarriage of justice" standard as well. To establish cause, a petitioner must show that some objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. Examples given in that case were where the factual or legal basis for the claim was not available or where interference by state officials made compliance impracticable. *Id*. The Court further noted, "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.* See also *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995).

The standard of prejudice a state prisoner must show to overcome a default comes from *Wainwright v. Sykes*, 433 U.S. 72 (1977), and *United States v. Frady*, 456 U.S. 152, 156 (1982). A petitioner must show not merely that errors at trial created a possibility of prejudice, "but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray* (quoting *Frady*, 456 U.S. at 156). The Court made clear that

6

both cause and actual prejudice must be shown and specifically rejected the contention in that case that cause need not be shown if actual prejudice was shown. *Murray v. Carrier*, 477 U.S. at 495. A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural default bar where other substantial evidence of guilt is present. *Wainwright v. Sykes,* 433 U.S. 72, 91 (1977).

An ineffective-assistance-of-counsel claim, if it is itself both exhausted and not procedurally defaulted, may constitute cause that may excuse the procedural default of another constitutional claim for relief. *Hill v. Jones,* 81 F.3d 1015, 1029-31 (11th Cir.1996). ("[P]rocedurally-defaulted claims of ineffective assistance *cannot* serve as cause to excuse a default of a second claim.").

Petitioner has not produced evidence showing that he is "actually innocent" of the crimes for which he was convicted. Accordingly, the facts of his case do not support a conclusion that there will be a fundamental miscarriage of justice if his federal claims are not considered. Moreover, Petitioner has failed to show the necessary cause and prejudice in order to overcome his procedural default.

Petitioner argues that he received ineffective assistance of both appellate counsel and therefore has shown both cause for and prejudice from the default. However, even assuming that Petitioner has shown cause for the default, Petitioner has not shown the necessary prejudice in order to overcome the default. Petitioner simply argues that appellate counsel did not raise all of the grounds for relief he wanted raised in his motion for new trial and on direct appeal. Petitioner must show more than a disagreement with appellate counsel. He must show that, but for these alleged deficiencies, there is a reasonable probability that the outcome would be different, i.e., that he would have been granted a new trial or his conviction would have been

overturned on appeal. Petitioner has failed to make the necessary showing.

Moreover, the Supreme Court has expressly held that "[n]either *Anders* nor any other decision of this Court suggests, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.*

Petitioner has failed to show prejudice, and has failed to show that the state habeas court's decision is contrary to, or involved an unreasonable application of, Supreme Court precedent or is based on an unreasonable determination of the facts. *See Williams v. Taylor*, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

*Grounds 1(k), 5(a), (c), (e) and (f), and 8, 9, 11 and 12*

Respondent asserts that these grounds are unexhausted, as they were never fairly presented to the state courts for determination, and therefore procedurally defaulted.

Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see* § 2254(b), (c). That is, to properly exhaust a claim, the petitioner must "fairly present[ ]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (quotation and emphasis omitted). A federal habeas court could hold claims were procedurally defaulted, and therefore exhausted, "if it is clear that [the] claims are now

8

procedurally barred under [state] law." *Chambers v. Thompson* 150 F.3d 1324 (11th Cir. 1998).

In these grounds, Petitioner raises claims that were not fairly presented to Georgia's courts. Under Georgia law, any grounds for habeas corpus relief not raised in the original or amended petition "are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." O.C.G.A. § 9-14-51.

Therefore, these grounds are procedurally defaulted. Petitioner has not shown the necessary cause and prejudice to excuse his default, nor has he shown that he is "actually innocent."

*Ineffective Assistance of Counsel*

Petitioner raises numerous grounds of ineffective assistance of trial and appellate counsel.

In *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, a defendant must demonstrate that the deficient performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Strickland,* 466 U.S. at 690. The petitioner must carry a heavy burden, as "reviewing courts must

9

indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation omitted). Under the prejudice prong, a petitioner must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Strickland,* 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

*Grounds 1(a), (b), (c), (e), (f), (g), (h), (i) and 3*

These grounds were addressed on their merits by the state habeas court. The state habeas court found that the second appellate counsel, Paul Fryer, was not ineffective for failing to raise allegations of ineffective assistance of counsel, Joseph Vaknin, who represented Petitioner on his motion for new trial. The court stated, "[w]hile Petitioner did not get to litigate every conceivable claim of ineffective assistance of counsel against every attorney who represented him, Mr. Fryer acted with reasonable competency in his representation of Petitioner, and Petitioner has not carried his burden of proof." (Resp. Ex. 3, pg. 14).

In ground 3, Petitioner alleges that his direct appeal attorney, Paul Fryer, filed a notice of appeal instead of filing an extraordinary motion for new trial to raise ineffective assistance against previous counsel. Petitioner raised this allegation in his state habeas corpus action, but the state habeas corpus court found it lacked merit. (Resp. Ex. 3, pp. 8-13). The state habeas court found, in pertinent part, that appellate counsel was aware of Petitioner's pro se motions but filed the notice of appeal because he did not want to forfeit Petitioner's appellate rights. (Resp. Ex. 3, pg. 10-11). Appellate counsel then filed two motions to remand in order to raise

additional grounds of ineffective assistance of counsel. However, the Georgia Supreme Court denied both motions. The state habeas court found specifically that Petitioner failed to meet his burden under *Strickland v. Washington*, 466 U.S. 668 (1984), and that Petitioner had not established deficient performance or prejudice, stating "it cannot be said that no competent attorney would have proceeded as Mr. Fryer did under the circumstances facing him." (Resp. Ex. 3, pg. 13).

In so doing, the state habeas court correctly identified and properly applied the *Strickland* standard and found the claims to be without merit. Additionally, as stated above, no decision of the Supreme Court has expressly held, "that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.*

In view of the foregoing, and after careful review, the undersigned finds that the decision of the state habeas corpus court was not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court, nor is it based on an unreasonable determination of the facts. *See Williams v. Taylor*, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

*Grounds 1(j) and (l)*

These issues were raised and decided on direct appeal. The Georgia Supreme Court found that the admission of hearsay and prior difficulty testimony was improper but that it was harmless due to the, "substantial competent evidence of an abusive relationship and of Mote's

11

vicious bent of mind toward Simpson, such that we conclude that the inadmissible evidence did not have a material effect on the verdicts." *Mote*, 277 Ga. at 432. Because of this, the Georgia Supreme Court found that trial counsel's alleged failure to properly contest the admission of this testimony did not prejudice Petitioner. *Id*.

In so doing, the appellate court correctly identified and properly applied the *Strickland* standard and found the claims to be without merit. Petitioner has failed to show prejudice, and has failed to show that the state habeas court's decision is contrary to, or involved an unreasonable application of, Supreme Court precedent, or is based on an unreasonable determination of the facts. *See Williams v. Taylor*, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

*Grounds 6 and 10*

In Ground Six, Petitioner raises errors allegedly committed by the state habeas corpus court. In Ground Ten, Petitioner raises various alleged errors by the Georgia Supreme Court, including error in dismissing his appeal as being untimely filed and failure to grant his motion for remand.

While habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief. *Quince v. Crosby*, 360 F.3d 1259 (11th Cir. 2004).

A writ of habeas corpus may not issue on the basis of a perceived error of state law, but only regarding a violation of the laws, treaties, or Constitution of the United States. *Pulley v. Harris*, 465 U.S. 37 (1984). Even if an error of state law could be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment, Petitioner has not shown that the decisions reached by the Georgia Supreme Court

were contrary to, or were based on an unreasonable application of, clearly established law as determined by the United States Supreme Court. *Early v. Packer*, 537 U.S. 3, 7 (2002).

*Conclusion*

In conclusion, it appears to the undersigned that petitioner has not met his burden in showing he is entitled to habeas corpus relief. Therefore, it is the RECOMMENDATION of the undersigned that the petition be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served a copy.

SO RECOMMENDED, this 1st day of September, 2010.

S// Thomas Q. Langstaff  
THOMAS Q. LANGSTAFF  
UNITED STATES MAGISTRATE JUDGE

msd